IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JOSEPH EDWARD HOLMES § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-406 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| DIRECTOR OF TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of Joseph Edward Holmes, who was an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to a judgment and sentence entered by the 122nd Judicial Court of Galveston County, Texas. On July 9, 2003, Petitioner pled guilty to driving while intoxicated, his third offense, and was sentenced to seven years imprisonment. On November 9, 2005, Petitioner filed a state writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals on January 25, 2006.

Petitioner filed the instant Petition on June 16, 2006. Petitioner is not challenging his conviction, but instead claims he is being improperly denied release on mandatory supervision, in deprivation of due process and in violation of the prohibition against double jeopardy. Respondent filed a Motion to Dismiss with Brief in Support seeking dismissal of the case because Petitioner's claim is moot (Instrument No. 8). Petitioner has filed no response.

Article III of the United States Constitution limits federal courts to the adjudication of cases involving an actual, ongoing controversy between litigants. *United States Parole Comm'n. v. Geraghty*, 445 U.S. 388, 395-96 (1980); *Louisiana Environmental Action Network v. U.S. E.P.A.*,

382 F.3d 575, 580-81 (5th Cir. 2004).  In its review of Respondent's Motion, the Court finds that on August 3, 2006, the Texas Board of Pardons and Paroles approved Petitioner for release to discretionary mandatory supervision and, on August 23, 2006, TDCJ-CID released him on discretionary mandatory supervision.  (Resp.'s Motion to Dismiss, Ex. A).  Since Petitioner has received the relief he requests in his habeas corpus petition, the Court agrees with Respondent that the dispute has been resolved and this Petition is moot.

The Court therefore **RECOMMENDS** that Respondent's Motion to Dismiss (Instrument No. 8) be **GRANTED**, and the Petition for a Writ of Habeas Corpus of Joseph Edward Holmes (Instrument No. 1) be **DISMISSED AS MOOT**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **April 20, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____2nd_____ day of April, 2007.

_____
John R. Froeschner
United States Magistrate Judge